**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

LASANDRA PRICE,

*Plaintiff - Appellant*,

v.

WAEL DIAB; FAMILY DOLLAR #8920, an unknown form of business,

*Defendants - Appellees*,

and

DOES 1-10,

*Defendants*.

No. 25-713

D.C. No.
5:21-cv-01715-
JWH-kk

OPINION

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted April 23, 2026
Pasadena, California

Filed July 13, 2026

Before: Stephen A. Higginson, Jacqueline H. Nguyen, and
Daniel A. Bress, Circuit Judges.[*]

Opinion by Judge Bress

---

## SUMMARY[**]

### Americans with Disabilities Act / Attorney's Fees

The panel reversed the district court's order denying a plaintiff's motion for attorney's fees under the Americans with Disabilities Act and remanded for further proceedings on the fee motion.

The district court granted the plaintiff's request for a default judgment and injunctive relief against the defendant store and its owner, ordering them to update the store's premises to provide greater accessibility for disabled persons. But the district court denied the plaintiff's motion for attorney's fees under 42 U.S.C. § 12205 on the ground that she was not a prevailing party because the injunction required the defendants to do only what federal law already required.

The panel held that under § 12205, a prevailing party in an action under the Americans with Disabilities Act may obtain a reasonable attorney's fee. A plaintiff prevails when

---

[*] The Honorable Stephen A. Higginson, United States Circuit Judge for the Court of Appeals, Fifth Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

actual relief on the merits of her claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. The panel concluded that the district court misread *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115 (9th Cir. 2000), which in fact effectively rejected the district court's reasoning. Here, the plaintiff was a prevailing party by virtue of the final injunctive relief she obtained.

## COUNSEL

Anoush Hakimi (argued) and Frederick Chernoff, Hakimi & Shahriari, Encino, California, for Plaintiff-Appellant.

# OPINION

BRESS, Circuit Judge:

In this Americans with Disabilities Act (ADA) case, the district court granted the plaintiff's request for a default judgment and injunctive relief against the defendant store and its owner, ordering them to update the store's premises to provide greater accessibility for disabled persons. But when the plaintiff sought attorney's fees, the district court denied the request on the ground that the plaintiff was not a prevailing party because the injunction required the defendants to do only what federal law already required. That determination rested on a misapprehension of case law. We reverse and remand for further proceedings on the fee motion.

I

LaSandra Price suffers from Parkinson's disease, which requires her to use a wheelchair for mobility. She filed this ADA suit against Family Dollar #8920, located in Fontana, California, and the store's owner, Wael Diab.

According to Price's complaint, she visited Diab's Family Dollar store four times between August and September 2021. Each time Price visited, she encountered difficulty accessing the premises. For example, disabled parking spaces were poorly marked, walkways were not level, and aisles were too narrow. Price alleged that these and other accessibility barriers violated the ADA and California's Unruh Civil Rights Act, Cal. Civ. Code § 51.[1]

---

[1] The district court declined supplemental jurisdiction over Price's Unruh Act claim after determining she was a "high-frequency litigant."

Neither Family Dollar nor Diab filed a response to Price's complaint, so the clerk entered defaults against both defendants. *See* Fed. R. Civ. P. 55(a). Price subsequently moved for a default judgment, requesting an order directing Diab and Family Dollar

> to provide, within one hundred eighty (180) days, accessible paths of travel from the designated disabled parking spaces to the business entrance, accessible parking spaces, compliant signage regarding parking, and an accessible business entrance at the [Family Dollar store], in compliance with the Americans with Disabilities Act Accessibility Guidelines.

In support of her motion, Price attached declarations from herself, her attorney, and her investigator, as well as photographs of the allegedly non-compliant conditions.

The district court granted Price's request for a default judgment. It then ordered the injunctive relief Price requested, noting that "[i]f anything, Price's proposed order is narrower and more specific than what she requested in her pleadings." The court thus granted Price's request for an injunction "to bring the premises of the Family Dollar into compliance with ADA requirements."

Price subsequently moved for $9,364 in attorney's fees and costs ($8,872 for 31.2 hours worked and $492 in costs). The fee request included a declaration from counsel

---

Cal. Civ. Proc. Code § 425.55(b); *see Arroyo v. Rosas*, 19 F.4th 1202, 1205 (9th Cir. 2021). That determination is not before us.

describing the work performed, itemized billing records, receipts, and a third-party report on prevailing rates.

The district court denied Price's fee request in a published decision. *See Price v. Diab*, 761 F. Supp. 3d 1279, 1282 (C.D. Cal. 2025). The court reasoned that Price was not a "prevailing party" because the injunction did "not require Defendants to do anything that they are not already required to do under federal law." *Id.* at 1288–89. The district court acknowledged that courts "frequently award prevailing-party status for plaintiffs in similar situations: a plaintiff who has won default judgment against a defendant under the ADA and has been granted only injunctive relief—without damages or other relief—compelling adherence to the statute." *Id.* at 1285. The district court further acknowledged that this court's precedents "appear to presume prevailing-party status for plaintiffs that were granted injunctive relief or default judgment." *Id.* at 1286. However, the district court concluded that none of these cases "grapples with the question of prevailing-party status." *Id.* at 1285–86.

The district court further observed that even if Price were a prevailing party, her counsel "would not be entitled to the unreasonable amount that they request." *Id.* at 1290. The court noted that the fee motion was "recycled . . . nearly whole-cloth from another recent case" before it, and the motion frequently used incorrect male pronouns for Ms. Price as a result. *Id.* at 1289 & n.22. The district court also questioned the amount of time Price's counsel had billed. *Id.* at 1290. But the district court did not rule on the amount of fees that could be reasonably awarded if Price were the prevailing party. *See id.*

Price appeals the denial of her fee motion. Neither defendant has appeared in this court.

## II

Under the ADA, a "prevailing party" may recover "a reasonable attorney's fee." 42 U.S.C. § 12205. Whether Price qualifies as a prevailing party under the statute is a legal question that we review de novo. *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1059–60 (9th Cir. 2006).

Price was a prevailing party by virtue of the final injunctive relief she obtained. The Supreme Court has held that "a plaintiff 'prevails' when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). Here, Price obtained an injunction against defendants that provided:

> Diab and Family Dollar #8920 are hereby **ORDERED** to provide, within one hundred eighty (180) days of entry of this Judgment, accessible paths of travel from the designated disabled parking spaces to the business entrance, accessible parking spaces, compliant signage regarding parking, and an accessible business entrance at the property located at 8933 Sierra Avenue, Fontana, CA 92335, in compliance with ADA Accessibility Guidelines.

The injunction Price obtained forces Diab and Family Dollar to take specific steps to bring their premises into compliance

and improve accessibility, *i.e.*, "modifying [their] behavior in a way that directly benefits [Price]." *Farrar*, 506 U.S. at 111–12. As an enforceable court order that "conclusively resolve[d] the rights of parties on the merits," the injunction "constitute[d] a 'material alteration of the legal relationship of the parties,'" making Price the prevailing party. *Lackey v. Stinnie*, 604 U.S. 192, 201–02 (2025) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)). Indeed, the Supreme Court has "repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that test." *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012) (per curiam).

The district court concluded that Price was not a prevailing party because the injunction "does not require Defendants to do anything that they are not already required to do under federal law." *Price*, 761 F. Supp. 3d at 1289. That reasoning was based on an apparent misunderstanding of our decision in *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115 (9th Cir. 2000). Instead, *Fischer* demonstrates why the district court's reasoning is infirm.

In *Fischer*, a blind plaintiff brought an ADA claim against the Cedar Creek Inn, and the parties ultimately settled. *Id.* at 1117. The settlement "require[d] the Inn to print a four paragraph, 430 word statement describing its policy of nondiscrimination toward people with disabilities," post it in several places, and share it with Inn employees. *Id.* at 1118. In response to the plaintiff's motion for attorney's fees, however, the district court held that the plaintiff was not a prevailing party. *Id.* We reversed.

We explained that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the

defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 1118 (quoting *Farrar*, 506 U.S. at 111–12). Drawing on Supreme Court precedent, we further "explained that 'a material alteration of the legal relationship occurs when the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant.'" *Id.* (quoting *Farrar*, 506 U.S. at 113) (brackets omitted). We then said: "In these situations, the legal relationship is altered because the plaintiff can force the defendant to do something he otherwise would not have to do." *Id.*

The district court appears to have read this last sentence in *Fischer* to mean that because the defendants were already required to adhere to the ADA, final injunctive relief requiring compliance with the law did not make the plaintiff a prevailing party. *See Price*, 761 F. Supp. 3d at 1284 (quoting this sentence from *Fischer* in bold and italics); *id.* at 1285 (same). But in context, this sentence in our *Fischer* opinion refers to the preceding one, in which we discussed how a plaintiff becomes a prevailing party when "entitled to enforce a judgment, consent decree, or settlement against the defendant." *Fischer*, 214 F.3d at 1118 (quoting *Farrar*, 506 U.S. at 113). It is in "these situations" that a "plaintiff can force the defendant to do something he otherwise would not have to do," *id.*, because the plaintiff has secured a judgment or settlement that is judicially enforceable. The "legal relationship" between the parties "is altered," *id.*, because the order or settlement subjects the defendant to further enforcement by a court.

It was on this basis that we reversed the district court's decision in *Fischer*. We explained that "[a]pplying this rule to the facts of this case, it is clear that Fischer is a 'prevailing party.'" *Id.* Fischer secured a settlement that "includes an equitable relief provision" requiring the Inn to engage in

various actions to comply with the ADA.  *Id.*  And "[i]f the Inn fails to perform these obligations, Fischer can return to court and force the Inn to uphold its end of the settlement." *Id.*  Thus, "[b]ecause Fischer has an enforceable settlement that requires the Inn to do something it otherwise would not be required to do, Fischer is a 'prevailing party.'" *Id.*  That same logic applies here to the district court's injunction requiring the defendants to undertake various upgrades at the Family Dollar store. *See also, e.g.*, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604–05 (2001) (discussing prevailing party status in terms of whether there is a "judicially sanctioned change in the legal relationship of the parties"); *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 n.5 (9th Cir. 2002) (explaining that the plaintiff's "settlement agreement affords him a legally enforceable instrument, which under *Fischer*, makes him a 'prevailing party'").

*Fischer* in fact effectively rejected the same "already must comply with the law" reasoning that the district court invoked here.  The defendant in *Fischer* argued that the plaintiff "cannot be the prevailing party because the Inn's 'duty' to comply with the ADA was 'the same before and after the settlement.'"  214 F.3d at 1118.  But we explained that the Supreme Court "has never framed the prevailing party inquiry in terms of altering a party's 'duty' to follow the law." *Id.*  Rather, the question is "whether the plaintiff obtained an enforceable judgment or settlement." *Id.*  In *Fischer*, that requirement was satisfied because the settlement required the defendant "to print, publish, and post a new and expanded nondiscrimination policy." *Id.*  That requirement is satisfied here because the injunction requires the defendants to fix their parking spaces, walkways, and signage.

In the abstract, a party is always bound to comply with the law.  But an injunction forces the defendant to conform its behavior to the law in concrete ways that benefit the plaintiff, backed by a court order.  *See Farrar*, 506 U.S. at 111–12.  The district court's logic could be used to find that *any* permanent injunctive relief does not confer prevailing-party status, since injunctions are, by definition, based on preexisting legal obligations.

As we did in *Fischer*, the Supreme Court some years later rejected much the same reasoning.  In *Lefemine*, the plaintiffs secured a permanent injunction against the defendant local officials interfering with the plaintiffs' protest activities.  568 U.S. at 3.  The Fourth Circuit upheld the denial of attorney's fees because the injunction "merely 'ordered [d]efendants to comply with the law.'"  *Id.* at 4 (alteration in original).  But the Supreme Court reversed, explaining that "when the District Court 'ordered [d]efendants to comply with the law,' the relief given—as in the usual case involving such an injunction—supported the award of attorney's fees."  *Id.* at 5 (alteration in original) (citation omitted); *see also Campaign for Responsible Transplantation v. FDA*, 511 F.3d 187, 195 (D.C. Cir. 2007) ("The District Court erred in suggesting that a court order is insufficient to support a claim for attorney's fees if it merely 'require[s the defendant] to do something it was already required to do.'  This is not the law . . . . Whenever a court grants relief [that makes the plaintiff a prevailing party], it requires an agency to fulfill its existing legal obligations. There is no basis for such a court order without a preexisting legal obligation."); *Wyo. Wildlife Fed'n v. United States*, 792 F.2d 981, 984 (10th Cir. 1986) (rejecting the government's argument "that because it was already obligated by law to do

these things, the plaintiffs cannot be considered to have prevailed").

The district court also suggested that the relief Price obtained was merely "a technical victory . . . so insignificant . . . as to be insufficient to support prevailing party status." *Price*, 761 F. Supp. 3d at 1287 (quoting *Farrar*, 506 U.S. at 113). In this regard, the district court interpreted Supreme Court precedent as distinguishing monetary relief from "other forms of relief" that may or may not "confer prevailing-party status," like a declaratory judgment. *Id.* And the district court doubted whether this was really "an enforceable judgment *on the merits*," noting that "Price was awarded injunctive relief through a default judgment." *Id.* at 1287–88 (bolding removed) (quoting *Farrar*, 506 U.S. at 113).

The district court erred to the extent it invoked these additional grounds in concluding that Price was not a prevailing party. In *Fischer*, we rejected the contention that the plaintiff could not be a prevailing party "because he did not obtain any monetary relief." 214 F.3d at 1118. We explained that under "clearly established precedent," "a plaintiff can be the prevailing party based exclusively on injunctive relief." *Id.* (citing *Friend v. Kolodzieczak*, 72 F.3d 1386, 1390 (9th Cir. 1995)); *see also Lefemine*, 568 U.S. at 4 (holding that plaintiffs who secured permanent injunctive relief were prevailing parties when they did not also obtain money damages).

Similarly, we have already characterized a default judgment as an "enforceable judgment[] on the merits," such that a party who obtains one "is indisputably a 'prevailing party.'" *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018) (alteration in original) (quoting

*Buckhannon*, 532 U.S. at 603–04); *see also Machowski v. 333 N. Placentia Prop., LLC*, 38 F.4th 837, 838 (9th Cir. 2022) (referring to an ADA plaintiff who obtained a default judgment as a prevailing party); *Animal Legal Def. Fund v. Special Memories Zoo*, 42 F.4th 700, 703 (7th Cir. 2022) (noting that a plaintiff who obtained a default judgment in its Endangered Species Act suit would "even satisf[y] the more demanding standard of 'prevailing party' fee statutes because the court actually entered judgment in its favor"). And while it is true that a declaratory judgment that "does not modify the defendant's behavior" does not confer prevailing-party status, *Lackey*, 604 U.S. at 202, Price obtained an injunction that altered Family Dollar's behavior for her benefit.

In short, Price was a prevailing party.

## III

To the extent Price asks us to rule on the amount of fees she should receive, we leave that determination for the district court in the first instance. But to provide guidance to the district court and Price on remand, we make a brief observation on one argument that Price advances in this court.

The district court found that even if Price were a prevailing party, her counsel "would not be entitled to the unreasonable amount that they request." *Price*, 761 F. Supp. 3d at 1290. The court noted that Price's fee motion appeared to be "recycled . . . nearly whole-cloth from another recent case" her attorneys had filed. *Id.* at 1289. As a result, the motion had copy-paste errors, did not reflect the procedural history of the case, and used incorrect male pronouns for Ms. Price. Price's counsel does not dispute reusing a template from a prior case. But in briefing before this court, counsel

characterizes the errors the district court identified as "irrelevant editing mistakes that would have required additional billable time to address."

It should go without saying that the issues the district court identified are not "irrelevant editing mistakes," but instead reflect a lack of diligence. Sound lawyering (of course) includes making sure that the fee motion papers pertain to the case at issue. Courts consider the "[q]uality of representation" when determining a reasonable fee award. *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000). And we have affirmed that in "a 'straightforward' ADA case with boilerplate pleadings, minimal legal complexity, and little in the way of difficult fact discovery," a reduction in fees can be justified, particularly when the case involves a "serial" plaintiff and a "lack of meaningful opposition" by the defendant. *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1017, 1021 (9th Cir. 2022).

The district court's concerns with Price's lawyering and the quality of the fee petition may appropriately factor into any fee award determination. But because the district court did not reach what a reasonable fee award would be, we remand for the court to address that issue.

**REVERSED AND REMANDED.**